FILED

1  **LAW OFFICE OF TIMOTHY B. SOTTILE, APLC**
   Timothy B. Sottile, Esq.          SBN: 127 026
2  Wendy K. Marcus, Esq.          SBN: 248 161
   31365 Oak Crest Drive, Suite 220
3  Westlake Village, California 91361
   Telephone: (818) 889-0050 Facsimile: (818) 889-6050
4

10 JUN 28 PM 2:10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

5  **LAW OFFICES OF MICHAEL F. BALTAXE**
   Michael F. Baltaxe, Esq.          SBN: 129 532
6  31365 Oak Crest Drive, Suite 220
   Westlake Village, California 91361
7  Telephone: (818) 889-0050 Facsimile: (818) 889-6050

BY:_____

8
9  Attorneys for Plaintiff,
   DAVID GILBERTSON

10
11            **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13                **WESTERN DIVISION**

14

15 DAVID GILBERTSON, an Individual,     )   Case No. **CV 10  4783-DMG**
                                        )                        (JEMx)
16            Plaintiffs,               )
                                        )   **COMPLAINT FOR DAMAGES**
17 vs.                                  )
                                        )   Civil Rights Violations under the
18 SANTA BARBARA SCHOOL DISTRICTS       )   Rehabilitation Act, 29 U.S.C. § 794 & 34
   a governmental entity, exact form unknown, )  C.F.R. § 104.6; Civil Rights Violations under
19 and DOES 1 through 10, Inclusive,    )   Title II of the Americans with Disabilities Act,
                                        )   42 U.S.C. § 12132 & 28 C.F.R. § 35.134;
20            Defendants.               )   Civil Rights Act of 1964, 42 U.S.C. 2000d et
                                        )   seq. & 34 C.F.R § 107(e)
21                                      )
                                        )          **DEMAND FOR JURY TRIAL**
22 _____ )

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1
2
3

**JURISDICTION AND VENUE**

4
5

1.   The Court has subject matter jurisdiction over plaintiff's federal claims under 28

6

U.S.C. Sections 1331 and 1343.

7

2.   Venue is proper in this Court under 28 U.S.C. Section 1391(b). The defendant

8

resides in the Central District, Western Division and all events giving rise to this action occurred

9

in the Central District, Western Division.

10

**PARTIES**

11
12

3.   Plaintiff, DAVID GILBERTSON (hereinafter "Gilbertson" and/or "Plaintiff") is a

13

citizen of the United States and at all times herein resides in Santa Barbara County in the State of

14

California.

15
16

4.   Defendant SANTA BARBARA SCHOOL DISTRICTS (hereinafter referred to as

17

"Defendant" and/or SBSD) is a recipient of federal funds subject to Section 504 of the

18

Rehabilitation Act; and a governmental entity authorized under the laws of California.

19

**GENERAL ALLEGATIONS**

20
21

5.   Plaintiff realleges paragraphs 1 through 4 of the Complaint as fully set forth herein.

22

6.   Plaintiff was employed with SBSD as a Coordinator of Special Education and a

23

School Psychologist during the time period of July, 2006 to June, 2010.

24
25

7.   As a Coordinator of Special Education, plaintiff was responsible, along with another

26

Coordinator of Special Education, for the coordination and supervision of special education

27

services, programs and staff throughout the SBSD and reported directly to the Director of Special

28

Education for SBSD. The special education services coordinated by plaintiff were provided to

COMPLAINT FOR DAMAGES                    -2-

disabled SBSD students.

8.    In or about November, 2007 plaintiff received an outstanding Job Performance Review and at all times performed his job duties in a competent and professional manner.

9.    On or about March 5, 2008, plaintiff received a lay-off notice from the SBSD stating that his administrative position, Coordinator of Special Education, had been eliminated.  The position was thereafter renamed Director of Special Education although the job duties and responsibilities of the position remained essentially the same as they had been when it was called Coordinator of Special Education.  The position to which the re- named Director of Special Education position reported was re-named Executive Director of Special Education and its duties and responsibilities remained essentially the same as well.

10.    On or about July 1, 2008 plaintiff was removed from his administrative position as Coordinator of Special Education and demoted to the position of School Psychologist, which represented an approximately $15,000.00 annual reduction in pay, after reporting numerous problems to SBSD administrators with respect to SBSD's non-compliance with laws governing the provision of special education services to disabled students.

11.    Thereafter Plaintiff was subjected to a continuous pattern of retaliation and harassment.  From on or about June, 2008 through August, 2009 plaintiff was threatened by various Directors of Special Education for SBSD because of his efforts to help secure special education services for eligible students and make sure SBSD complied with legal requirements by reporting compliance problems to SBSD administrators.

12.    From August, 2008 through January, 2010 plaintiff suffered further retaliation for advocating on behalf of disabled students by being repeatedly transferred to different locations

COMPLAINT FOR DAMAGES                -3-

within the SBSD.  Plaintiff's work location was changed five times in an effort to demoralize and harass him.  In his demoted position as School Psychologist he was initially assigned to Harding Elementary School in July, 2008 and then also assigned to La Cumbre Junior High School in August, 2008.  In January, 2009 he was transferred from Harding Elementary School and assigned to Le Cumbre junior School and Adams Elementary School. In July, 2009 plaintiff's assignment was again changed to Adams Elementary School and Monroe School.  In January, 2010 Plaintiff was re-assigned to La Cumbre Junior High School and Monroe School.  Plaintiff was not provided with a performance review as required by SBSD.  Plaintiff continued to perform his duties as School Psychologist in a competent and professional manner.

13.  From August, 2009 through October, 2009 plaintiff was not provided a telephone at his office at Adams Elementary School, despite the necessity of a telephone to perform his job duties and his repeated requests. Plaintiff was forced to file a labor grievance before he was given a phone to use while working at Adams Elementary School.

14.  In or about September, 2009 plaintiff learned that he was not considered as a candidate for Director of Special Education positions, formerly titled Coordinator of Special Education, the position from which he had been demoted, because he filed complaints concerning the SBSD's compliance failures in special education.

15.  From September, 2009 through December, 2009 plaintiff was excluded from staff meetings where special education assessment plans for psychological evaluations were developed; was excluded from IEP meetings for students where input from him as a School Psychologist was necessary; was denied access to the Aeris student database and was provided late notice of needed assessments.

COMPLAINT FOR DAMAGES                    -4-

16.   In or about January, 2010 plaintiff was transferred from Adams Elementary School because of compliance a complaints previously filed by him with the California Department of Education regarding three disabled Hispanic students which resulted in that agency's finding multiple violations of state and federal special education laws at Adams Elementary School by the SBSD.

17.   In or about January, 2010 plaintiff was also denied copies of translated psychological reports on more than fifteen students whose cases he had been assigned.

18.   Plaintiff was also informed by SBSD administrators that he was not wanted at SBSD because he filed complaints against SBSD schools for non compliance with special education laws.

19.   In or about March, 2010 plaintiff was notified that he would be terminated from his position of School Psychologist, as part of a lay-off, without regard to his seniority based on actual years of service, which if correctly recognized, would not have subjected him to lay-off.

20.   On or about June 1, 2010 plaintiff's employment with SBSD, was terminated.

21.   Plaintiff is informed and believes, and based upon such information and belief alleges, that any justification that SBSD had for his July 1, 2008 demotion and subsequent adverse employment actions, including his termination effective June 1, 2010, was merely a pretext for demoting, harassing and ultimately terminating him because he made complaints to SBSD for what he in good faith believed to be violations by SBSD of state and federal law.

22.   Beginning in December, 2006 plaintiff observed that SBSD was not complying with the Individuals with Disabilities Education Act ("IDEA") and California Education Code § 5600 et seq. which mandate that special education students receive a Free Appropriate Education

COMPLAINT FOR DAMAGES                    -5-

("FAPE").  Plaintiff also observed that SBSD was discriminating against special education students in violation of Section 504 of the Rehabilitation Act of 1973 and disabled Hispanic students in violation of the Civil Rights Act of 1964.  Plaintiff then began a pattern of advocating for the civil rights of the disabled students within SBSD.

23.    The following, *inter-alia*, are the civil rights violations of disabled students reported by Plaintiff to SBSD:

(a)    In or about April through June, 2007 plaintiff held meetings with SBSD Superintendent, Brian Sarvis and others reporting delays and other failures to comply with IEP meeting requirements for disabled students and threats he had received because of his advocacy for legal compliance with respect to the conduct and implementation of IEPS.

(b)    In or about September, 2007 plaintiff expressed concern about the inappropriate mingling of special education preschool students in an elementary-aged special education classroom.

(c)    In or about March, 2008 plaintiff expressed his concern in an e-mail written to Assistant Superintendent Robin Sawaske regarding the continued inappropriate placement of pre-school special education students in the elementary aged special education class at Harding Elementary School.

(d)    In or about March, 2008 plaintiff received information that an Hispanic student, who had been a victim of an assault while a student at El Puente School was not attending Santa Barbara High School where he was then

enrolled, and had not been given an appropriate special education

evaluation and placement given his psychological trauma as a result of his

assault. Plaintiff advocated that immediate steps be taken to remedy areas

of non compliance and legal violations with respect to this disabled

student and to insure that he be evaluated and receive an appropriate

special education placement.

(e)     In or about May, 2008 plaintiff informed Assistant Superintendent

Sawaske of his belief that legal obligations of SBSD were not being

complied with respect to the student at Santa Barbara High School and

another student at El Cumbre Junior High School who had become eligible

for special education services due to severe emotional disturbance after a

hospitalization for a drug overdose.

(f)     In or about May, 2008 after no action was taken by SBSD administrators

to correct the failures in compliance and legal violation with respect to the

Hispanic student who had been assaulted, plaintiff complained about what

he believed were the willful violations of the student's education rights

and state and federal laws by SBSD administrators, including Assistant

Superintendent Sawaske, due to the continued failure to assess the

student's psychological and other needs. Plaintiff was thereafter suspended

for two days for what he was told was his "unprofessional conduct" by

continuing to raise his concerns over the treatment of the assault victim

student at Santa Barbara High School. On or about June, 2008 plaintiff

was directed by the Director of Special Education for the SBSD not to request further information regarding the assaulted student, who the District preferred to classify as a "truant" rather than appropriately assess his needs and ensure that he receive special education services.

(g)    In or about June, 2008 plaintiff filed a complaint against SBSD for retaliation for attempting to assist the parents of special education students and abide by the laws.

(h)    In or about September, 2009, plaintiff informed the Principal of Adams Elementary School and the Executive Director Of Special Education for SBSD of violations of special education law regarding disabled Hispanic students at Adams Elementary School and requested that they comply with the law.  Plaintiff also refused to violate the law.

(i)    In or about October, 2009 plaintiff informed the SBSD Board of Education and SBSD Superintendent Brian Sarvis of violations of law and retaliation he was experiencing for refusing to violate the law.  The Board of Education and Superintendent Sarvis refused to consider the issues raised by plaintiff.

(j)    In or about November, 2009 plaintiff filed three formal complaints with the California Department of Education which alleged that SBSD and Adams Elementary School had violated numerous state and federal special education laws protecting three Hispanic students with disabilities.  The California Department of Education opened three investigations based

upon plaintiff's complaints.

(k)     In or about December, 2009 the California Department of Education

concluded its investigations and notified SBSD Superintendent Sarvis that

it was citing SBSD and Adams Elementary School for violating multiple

state and federal laws protecting three Hispanic students with disabilities

based on plaintiff's formal complaints:

**Student 1:** Failure to implement the IEP (Education Code Sec.

56043(i)); failure to ensure that the IEP team considered strategies

and supports to address the behavior that impedes learning (34

CFR Sec. 300.324(a)(2)(i); failure to ensure that the parent

understands proceedings of the IEP meeting, including arranging

for an interpreter (34 CFR Sec. 300.322(e)).

**Student 2:** Failure to adhere to the 60-day time line for the

development of the individualized education plan and failure to

assess all areas of suspected disability (OT and APE) (Education

Code Sec. 56344); failure to include all required team members in

the IEP (regular education teacher)(34 CFR Sec. 300.321(a);

failure to ensure individuals conducting assessments are competent

to perform the assessments (APE) (Education Code 56322); failure

to ensure an individual is present at an IEP team meeting who can

interpret the instructional implications of evaluation results (APE)

(34 CFR Sec. 300.321(a)(5); and failure to notify parents of the

COMPLAINT FOR DAMAGES                          -9-

purpose, time, location, and who will be in attendance (34 CFR

Sec. 300.322(b)(1)(i)).

**Student 3:** Failure to assess in all areas related to the child's

suspected disability (CFR 300.324(a)(2)(l); failure to adhere to the

60-day time line for development of the IEP (Education Code

56344); failure to ensure individuals are present at an IEP team

meeting who have knowledge or special expertise regarding the

child, including related services personnel as appropriate (OT)(34

CFR 300.321(a)(6); and failure to provide the parent with a copy of

the IEP in the primary language at their request (5 CCR 3040(b)).

    (l)    In or about February, 2010, plaintiff complained about the earlier failure to

extend special education services to an eligible emotionally disturbed

student at La Cumbre Junior High School who, as a result of such failure,

ultimately attempted suicide.

## CLAIMS FOR RELIEF

### COUNT ONE-VIOLATION OF SECTION 504 IF THE REHABILITATION ACT 29

### U.S.C. § 79 & 34 C.F.R. § 4.61

24.    Plaintiff hereby re-alleges and incorporates paragraphs 1 through 23 of the

Complaint as though fully set forth herein.

25.    At all times herein mentioned, Defendant SBSD was and is a recipient of federal

funds subject to § 504 of the Rehabilitation Act.

COMPLAINT FOR DAMAGES        -10-

26.   Plaintiff was a Coordinator of Special Education and thereafter a School Psychologist at SBSD. Certain students at schools within SBSD suffered from disabilities and were the beneficiaries of the federal funding subject to Section 504 of the Rehabilitation Act. Plaintiff was within the zone of interest of the Act's requirements to Advocate for the benefit of disabled students.

27.   As set forth more specifically above, Plaintiff made continual complaints to the administrators of SBSD; SBSD Board of Education members, and the California Department of Education that the disabled students within SBSD were being discriminated against and being deprived of a Free Appropriate Public Education.

28.   In response, SBSD intentionally retaliated against Plaintiff as more specifically set forth above. This retaliation included, but was not limited to, demoting, transferring and harassing plaintiff and ultimately terminating plaintiff's employment as more fully set forth above.  Therefore, plaintiff is a person aggrieved pursuant to the Act and its anti-retaliation regulation.

29.   As a direct and proximate result of the acts and omissions of Defendants, plaintiff has suffered, and continues to suffer, severe mental, emotional and physical distress and loss of earnings and benefits and is entitled to and demands damages against defendants, jointly and severally in an amount of damages to be determined at trial according to proof.

30.   Plaintiff has retained the services of one or more attorneys in this action, and if he prevails, he is entitled to his reasonable attorneys fees pursuant to 29 U.S.C. § 794a(b).

//                                                                                              //

//                                                                                              //

COMPLAINT FOR DAMAGES                       -11-

**COUNT TWO-TITLE II OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C.**

**§ 12132 & 28 C.F.R. § 35.134**

31.    PLAINTIFF hereby re-alleges and incorporated paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32.    Defendant SBSD is a public entity as defined within 42 U.S.C. 1213 § 201, and subject to the provisions of Title II of the Americans with Disabilities Act.

33.    Certain students enrolled with schools operated by SBSD were and are qualified individuals with a disability as defined within 42 U.S.C. 12131 § 201, and subject to the provisions of Title II of the Americans with Disabilities Act.

34.    The acts and/or omissions of Defendant SBSD reported by Plaintiff to SBSD administrators, SBSD's Board of Education members and the California Department of Education fall within the definition of discrimination as set forth in 42 U.S.C. § 12132 in that said students by and through the acts and/or omissions of Defendant SBSD were excluded from participation in and denied benefit of the services, programs and activities based upon their disabilities, and subjected to discrimination by Defendant SBSD.

35.    As a direct and proximate cause of Plaintiff's complaints to administrators of SBSD and SBSD Board of Education members, Defendant SBSD violated 42 U.S.C. § 12132 & 28 C.F.R. § 35.134 (Title II anti-retaliation regulation) by retaliatory acts, including but not limited to, demoting, transferring and harassing plaintiff and ultimately terminating plaintiff's employment as more fully set forth above.

36.    As a direct and proximate result of the acts and omissions of Defendants, and each of them, plaintiff has suffered, and continues to suffer, severe mental, emotional and physical

distress and loss of earnings and benefits and is entitled to and demands damages against

defendants, jointly and severally in an amount of damages to be determined at trial according to

proof.

37.   Plaintiff has retained the services of one or more attorneys in this action, and if he

prevails is entitled to his reasonable attorneys fees pursuant to 42 U.S.C. § 12205.

**COUNT THREE - VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964,**

**42 U.S.C. § 2000 (d) ET SEQ. & 34 C.F.R. § 107(e).**

38.   Plaintiff realleges paragraphs 1 through 37 of the Complaint as though fully set

forth herein.

39.   Plaintiff is informed and believes and based upon such information and belief

thereon alleges that Defendant SBSD is a recipient of federal financial assistance from the

Department of Education, and by virtue thereof is subject to the provisions of Title VI of the

Civil Rights Act of 1964, 42 U.S.C. 2000(d) et seq. § 601.

40.   As set forth more specifically above, Plaintiff made complaints to administrators of

SBSD, SBSD School Board members and the California Department of Education that SBSD

was engaging in intentional discrimination of students based on their race, color and national

origin. Specifically, plaintiff complained that SBSD was intentionally treating disabled students

that were minorities of color, specifically Hispanic students less favorably with regard to special

education services than the disabled Caucasian students. Plaintiff reported to SBSD and its

School Board with regard to the deficiencies, as more specifically set forth above, constituted

discrimination as defined in 42 U.S.C. § 2000(d) et seq. §§ 601, 602 and 604.

41.   As a direct and proximate cause of Plaintiff's complaints, Defendant SBSD violated

COMPLAINT FOR DAMAGES                    -13-

42 U.S.C. § 2000(d) et seq § § 601 and 602 and 34 C.F.R. § 107(e)(Title VI's anti-retaliation regulation) by intentional and systematic pattern of retaliatory acts including demoting, transferring and harassing plaintiff and ultimately terminating plaintiff's employment as more fully set forth above.

42.    As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered, and continues to suffer, severe mental, emotional and physical distress and loss of earnings and benefits and is entitled to and demands damages against defendants, jointly and severally in an amount of damages to be determined at trial according to proof.

43.    Plaintiff has retained the services of one or more attorneys in this action, and if he prevails is entitled to his reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff seeks the following relief:

1.    For compensatory damages according to proof;

2.    For costs of suit including reasonable attorneys fees;

3.    For each other such and further relief as the court may deem proper.

Dated:   June 25 , 2010                LAW OFFICE OF TIMOTHY B. SOTTILE, APLC
                                       LAW OFFICES OF MICHAEL F. BALTAXE


                                       By: _____
                                            TIMOTHY B. SOTTILE
                                            Attorneys for Plaintiff
                                            DAVID GILBERTSON

COMPLAINT FOR DAMAGES                   -14-

**DEMAND FOR A JURY TRIAL**

PLAINTIFF HEREBY MAKES DEMAND FOR TRIAL BY JURY.

Dated:   June 25, 2010                    LAW OFFICE OF TIMOTHY B. SOTTILE, APLC
                                          LAW OFFICES OF MICHAEL F. BALTAXE


                                          By: _____
                                              TIMOTHY B. SOTTILE
                                              Attorneys for Plaintiff
                                              DAVID GILBERTSON